IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| E CREDIT EXPRESS, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>AUTOGRAVITY CORPORATION,<br><br>  Defendant. | C.A. No. 1:18-cv-783-VAC-MPT<br><br>**JURY TRIAL DEMANDED** |

### AUTOGRAVITY CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant AutoGravity Corporation ("AutoGravity") files this Answer and Affirmative Defenses to Plaintiff E Credit Express, Inc.'s ("Plaintiff") Complaint for Patent Infringement ("Complaint") and denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

### PARTIES

1.  AutoGravity is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, on that basis, denies all such allegations.

2.  AutoGravity admits the allegations in Paragraph 2 of the Complaint.

---

[1] For avoidance of doubt, AutoGravity denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

## JURISDICTION AND VENUE

3.	AutoGravity admits that Plaintiff has alleged patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. AutoGravity denies any remaining allegation in Paragraph 3 of the Complaint.

4.	AutoGravity admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff has alleged infringement of a patent, but AutoGravity denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. AutoGravity denies any remaining allegations in Paragraph 4 of the Complaint.

5.	AutoGravity admits that it conducts business in the State of Delaware. AutoGravity denies it has committed or is committing acts of infringement within the State of Delaware or in this District and, on that basis, denies the remaining allegations of Paragraph 5 of the Complaint.

6.	AutoGravity denies having a regular and established place of business in the State of Delaware, and denies it has committed or is committing acts of infringement within the State of Delaware or in this District and, on that basis, denies the allegations of Paragraph 6 of the Complaint.

## PATENT-IN-SUIT

7.	AutoGravity is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and, on that basis, denies all such allegations.

8.	AutoGravity admits that the purported copy of U.S. Patent No. 8,909,551 (the "'551 Patent") that is attached to the Complaint as Exhibit A indicates that it issued on December

9, 2014, and is entitled "System and method of Expedited Credit and Loan Processing." AutoGravity is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 of the Complaint and, on that basis, denies all such allegations.

9. AutoGravity denies all allegations in Paragraph 9 of the Complaint.

10. AutoGravity denies all allegations in Paragraph 10 of the Complaint.

11. AutoGravity denies all allegations in Paragraph 11 of the Complaint.

## COUNT I
## ([ALLEGED] INFRINGEMENT OF THE '551 PATENT)

12. AutoGravity incorporates by reference each of its responses set forth in Paragraphs 1-11 above as if fully set forth herein.

13. AutoGravity denies all allegations in Paragraph 13 of the Complaint.

14. AutoGravity denies all allegations in Paragraph 14 of the Complaint.

15. AutoGravity denies all allegations in Paragraph 15 of the Complaint.

16. AutoGravity denies all allegations in Paragraph 16 of the Complaint.

17. AutoGravity denies all allegations in Paragraph 17 of the Complaint.

18. AutoGravity denies all allegations in Paragraph 18 of the Complaint.

19. AutoGravity denies all allegations in Paragraph 19 of the Complaint.

20. AutoGravity denies all allegations in Paragraph 20 of the Complaint.

## [PLAINTIFF'S] DEMAND FOR JURY TRIAL

AutoGravity is not required to provide a response to Plaintiff's request for a trial by jury.

## [PLAINTIFF'S] PRAYER FOR RELIEF

AutoGravity denies the Plaintiff is entitled to any relief from AutoGravity and denies all the allegations contained in Paragraphs (A)-(I) of Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

AutoGravity's Affirmative Defenses are listed below. AutoGravity reserves the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

### FIRST AFFIRMATIVE DEFENSE

AutoGravity has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '551 Patent (the "Asserted Patent").

### SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the Asserted Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's attempted enforcement of the Asserted Patent against AutoGravity is barred by the doctrine of inequitable conduct.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to any of the Asserted Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that AutoGravity's actions allegedly infringe the Asserted Patent, AutoGravity is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the Asserted Patent.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that AutoGravity indirectly infringes, either by contributory infringement or inducement of infringement, AutoGravity is not liable to Plaintiff

for the acts alleged to have been performed before AutoGravity knew that its actions would cause indirect infringement.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's attempted enforcement of the Asserted Patent against AutoGravity is barred by one or more of the equitable doctrines of laches, estoppel, acquiescence, waiver, and unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

The claims of the Asserted Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by AutoGravity.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that AutoGravity makes, uses, or sells each claimed element of any asserted claim, or that AutoGravity directs or controls another entity to make, use, or sell any element that is not made, used, or sold by AutoGravity.

### NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the Asserted Patent do not claim patentable subject matter under 35 U.S.C. § 101.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that any method employed by AutoGravity consummates a loan and/or credit transaction.

## AUTOGRAVITY'S COUNTERCLAIMS

For its counterclaims against Plaintiff E Credit Express, Inc. ("E Credit"), Counterclaim Plaintiff AutoGravity Corporation ("AutoGravity") alleges as follows:

## PARTIES

1. Counterclaim Plaintiff AutoGravity is a corporation organized and existing under the laws of the State of Delaware, and that it has a place of business at 15945 Sand Canyon Avenue, Suite 100, Irvine, California 92618.

2. Upon information and belief based solely on Paragraph 1 of the Complaint as pled by Plaintiff, Counterclaim Defendant E Credit Systems, Inc. is a corporation organized and existing under the laws of the State of Michigan, with its principal place of business located at 29108 Lorie Lane, Wixon, Michigan 48393.

## JURISDICTION

3. AutoGravity incorporates by reference Paragraphs 1–2 above.

4. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5. E Credit has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6. Based solely on E Credit filing of this action, venue is proper, though not necessarily convenient, in this District pursuant at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I
## DECLARATION REGARDING NON-INFRINGEMENT

7.     AutoGravity incorporates by reference Paragraphs 1–6 above.

8.     Based on E Credit's filing of this action and at least AutoGravity's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether AutoGravity infringes U.S. Patent No 8.909,551 (the "'551 Patent") (the "Asserted Patent").

9.     AutoGravity does not infringe Claim 1 of the '551 Patent because, among other things, AutoGravity does not consummate credit and/or loan transactions, nor does it have a feature for completing a finance transaction on users' phones or other devices.

10.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, AutoGravity requests a declaration by the Court that AutoGravity has not infringed and does not infringe any claim of the Asserted Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## COUNT II
## DECLARATION REGARDING INVALIDITY

11.    AutoGravity incorporates by reference Paragraphs 1–10 above.

12.    Based on E Credit's filing of this action and at least AutoGravity's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the Asserted Patent.

13.    The asserted claims of the Asserted Patent are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent No. 7,181,427.

14.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, AutoGravity requests a declaration by the Court claims of the Asserted Patent are invalid for

failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, AutoGravity asks this Court to enter judgment in AutoGravity's favor and against E Credit by granting the following relief:

    a)    a declaration that the Asserted Patent are invalid;

    b)    a declaration that AutoGravity does not infringe, under any theory, any valid claim of the Asserted Patent that may be enforceable;

    c)    a declaration that the Asserted Patent are unenforceable;

    d)    a declaration that E Credit take nothing by its Complaint;

    e)    judgment against E Credit and in favor of AutoGravity;

    f)    dismissal of the Complaint with prejudice;

    g)    a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to AutoGravity of its costs and attorneys' fees incurred in this action; and

    h)    further relief as the Court may deem just and proper.

## JURY DEMAND

AutoGravity hereby demands trial by jury on all issues.

Dated: July 16, 2018                    FISH & RICHARDSON P.C.

By: */s/ Jeremy D. Anderson*
Jeremy D. Anderson (Bar No. 4515)
222 Delaware Avenue, 17th Floor
Wilmington, Delaware 19899
(302) 652-5070 (Telephone)
janderson@fr.com

Neil J. McNabnay
David B. Conrad
Ricardo J. Bonilla
Rodeen Talebi
1717 Main Street, Suite 5000
Dallas, Texas 75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)
mcnabnay@fr.com; conrad@fr.com;
rbonilla@fr.com; talebi@fr.com

ATTORNEYS FOR DEFENDANT
AUTOGRAVITY CORPORATION

9